UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Cr. No. 21-229 (JRT/KMM)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JOHN SCOTT ENDERLEIN,

        Defendant.

**GOVERNMENT'S OMNIBUS RESPONSE TO DEFENDANT'S PRETRIAL MOTIONS**

The United States of America, by and through its attorneys, Charles J. Kovats, Jr., Acting United States Attorney for the District of Minnesota, and Evan B. Gilead, Assistant United States Attorney, submits its omnibus response to Defendant John Scott Enderlein's (Enderlein) various pretrial motions. ECF Nos. 18-23. For the reasons set forth in its response to Enderlein's motion to suppress evidence obtained as a result of search and seizure (ECF No. 22), the government intends to call and offer the testimony of Federal Bureau of Investigation (FBI) Special Agent (SA) Matthew Vogel at the scheduled motions hearing. To the extent Enderlein demands disclosures at particular times or for particular items to which he is not entitled, the government objects. A notice of intent to call witnesses is filed separately.

1. **Defendant's Pretrial Motion for Disclosure of 404(b) Evidence.**
   **[ECF No. 18]**

Enderlein moves the Court for an order requiring the government to disclose any "bad act" or "similar course of conduct" evidence it intends to offer at trial—pursuant to

Rule 404 of the Federal Rules of Evidence—three weeks before trial. The government has no objection to the defendant's request. However, the government requests the defendant be ordered to similarly and simultaneously disclose any Rule 404 character evidence.

The government further requests any order be strictly drawn to require no more than what is encompassed by Rule 404. Specifically, Rule 404 does not encompass acts that are "intrinsic" to the charged offense. *See* Fed. R. Evid. 404 advisory committee's notes, 1991 Amendments. If evidence of Enderlein's conduct is an "intrinsic" part of the charged offense, but could otherwise be considered a "bad act," then Rule 404(b) does not contemplate that notice of such evidence be given. The distinction is an important one since Enderlein may claim the government must give notice of every "bad act" it intends to introduce, which is not so. *See United States v. Adediran*, 26 F.3d 61, 63 (8th Cir. 1994) (standards applicable to evidence considered under Rule 404(b) do not apply to such "inextricably intertwined" evidence).

2. **Defendant's Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant.**
   **[ECF No. 19]**

Enderlein moves the Court for an order compelling disclosure of favorable evidence. The government understands, has complied with, and will continue to comply with its obligations under *Brady v. Maryland,* 373 U.S. 83 (1963), *Giglio v. United States,* 405 U.S. 150 (1972), and their progeny. The government has produced materials on USAfx and under separate cover on November 9 and December 6, 2021, as well as disclosed other miscellaneous materials via email. The materials include, but are not limited to, search and

seizure warrants (including applications, affidavits, and materials seized), FBI reports, photographs, Minnesota Bureau of Criminal Apprehension (BCA) reports, and general investigative materials. The government has also extended an offer to Enderlein's counsel to review evidence not contained within the USAfx disclosure, including child sexual abuse material found within Enderlein's electronic device, and those images charged in the Indictment.

As always, the government remains amenable to specific inquiries regarding discovery which Enderlein believes he is entitled to and which he does not already possess.

**3.     Defendant's Motion for Early Disclosure of *Jencks* Act Material.**
    **[ECF No. 20]**

The government has no objection to Enderlein's motion for early disclosure of *Jencks* evidence one week in advance of trial. While the government has already disclosed some *Jencks* statements, and may choose to continue to disclose *Jencks* materials well in advance of trial, the government objects to any Court-ordered disclosure of "early" *Jencks* evidence. It has been repeatedly and consistently held in this Circuit and District that the government may not be required to make pretrial disclosure of *Jencks* material. *Finn v. United States*, 919 F. Supp. 1305, 1315 (D. Minn. 1995); *see also United States v. Ben M. Hogan Co.*, 769 F.2d 1293, 1300 (8th Cir. 1985); *United States v. White*, 750 F.2d 726 (8th Cir. 1984).

4. **<u>Defendant's Motion for Discovery of Expert Under Rule 16(a)(1)(G)</u>.**
   **[ECF No. 21]**

Enderlein moves for an order compelling the government to disclose materials pursuant to Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure. Given the nature of the charges and investigation, the government anticipates calling experts. The government has not identified experts, or how many ultimately may testify. The government is amenable to a disclosure date 30 days before trial. However, the government requests Enderlein be ordered to similarly and simultaneously disclose expert materials pursuant to Rule 16. Additionally, the government requests any rebuttal experts be noticed, and disclosures produced to the opposing party, no later than 10 days before trial.

## ENDERLEIN'S SUPPRESSION MOTIONS[1]

8. **<u>Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure</u>.**
   **[ECF No. 22]**

In his motion, Enderlein seeks to have the Court suppress multiple search warrants which were issued throughout the criminal investigation. Enderlein argues generally that each search warrant was either (1) "issued without a sufficient showing of probable cause in the supporting affidavits," or (2) "so deficient in their showing of probable cause that they could not be relied upon in good faith." ECF No. 22 at 1. The government intends to submit the following search and seizure warrants to the Court for a four-corners review:

---

[1] The government reserves the right to amend any argument or submit additional exhibits—as needed and warranted—should Enderlein's arguments at the motions hearing, or in any pretrial motions post-hearing briefing, necessitate such action.

a. State (Hennepin County) Search and Seizure Warrant, Application, and Affidavit issued on March 2, 2021 for Enderlein's person, vehicle (2010 white Chevrolet Cobalt, MN CE484), and residence (1616 Independence Avenue N, including garages, outbuildings, and curtilage);

b. State (Hennepin County) Search and Seizure Warrant, Application, and Affidavit issued on March 25, 2021 for data related to Kik username "johnthiefriver" and KIK ID "johnthiefriver_ivj";

c. State (Hennepin County) Search and Seizure Warrant, Application, and Affidavit issued on March 25, 2021 for data related to Kik username "MidwestMinn";

d. Federal Search and Seizure Warrant, Application, and Affidavit issued on October 29, 2021 for data related to Kik username "thiefriver2". *See* 21-mj-408 BRT;

e. Federal Search and Seizure Warrant, Application, and Affidavit issued on October 29, 2021 for Enderlein's cell phone—a silver Apple iPhone 6s, model A1688—seized incident to Enderlein's arrest on October 28, 2021. *See* 21-mj-812 BRT;

f. Federal Search and Seizure Warrant, Application, and Affidavit issued on November 5, 2021 for Enderlein's email address of johnenderlein@yahoo.com, which was held by Oath Holdings, Inc. *See* 21-mj-830 KMM; and

g. Federal Search and Seizure Warrant, Application, and Affidavit issued on November 5, 2021 for Enderlein's email addresses of johnenderlein5@gmail.com, goldervalleypez@gmail.com, and johnenderlein@gmail.com, which were held by Google LLC. *See* 21-mj-832 KMM.

Additionally, the government intends to present testimony from SA Vogel relating to the seizure of Enderlein's phone on October 28, 2021, which Enderlein disputes. With the anticipated testimony of SA Vogel, and consideration of the government's exhibits, Enderlein's arguments will falter.

9. **Defendant's Motion to Suppress Statements, Admissions, and Answers.** [ECF No. 23]

Enderlein moves the Court to suppress statements he may have made on March 4 and October 28, 2021. The government does not intend to use statements made by Enderlein on either date in its case-in-chief. As such, the government suggests this motion is moot.

Dated: December 8, 2021					Respectfully Submitted,

							CHARLES J. KOVATS, JR.
							Acting United States Attorney

							*s/ Evan B. Gilead*

							BY: EVAN B. GILEAD
							Assistant U.S. Attorney
							Attorney ID No. 95971 FL