UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

John Scott Enderlein,

        Defendant.

Case No. 21-cr-229 (JRT/KMM)

**ORDER**

The government has charged John Scott Enderlein with five counts of receiving and one count of distributing child pornography. This matter is before the Court on the parties' pretrial motions for discovery and disclosure. On December 16, 2021, the Court held a hearing on the nondispositive motions identified below. [ECF Nos. 13, 18–21]. Based on the discussion at the hearing and the entire record in this proceeding, the Court enters the following Order. The Court also heard testimony concerning Mr. Enderlein's motion to suppress evidence [ECF No. 22], which the Court will address in a separate written decision.

1. **The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3, and 26.2 [ECF No. 13]**

The government seeks discovery and disclosure of the following materials from the defense based on the applicable Federal Rules of Criminal Procedure: (1) documents and tangible objects; (2) reports of examinations and tests; (3) expert testimony; (4) notice of any alibi, insanity, or public authority defense; and (5) witness statements. Mr. Enderlein has filed no objection to the motion.

In addition, the government notes in its omnibus response to Mr. Enderlein's motions that it anticipates calling experts in this case. The government has not yet identified experts or determined how many will ultimately be called to testify. The government indicates that it does not object to a disclosure date 30 days prior to trial and seeks a reciprocal obligation of the defense to make disclosure of its own experts at least 10 days prior to trial.

The government's motion is **GRANTED** to the extent that Mr. Enderlein shall provide discovery and disclosure as required by the Rules. Regarding the timing of expert disclosures, the government shall make its expert disclosures **at least four weeks prior to trial**. The defense shall provide reciprocal expert disclosures **at least three weeks prior to trial**.

2. **Mr. Enderlein's Pretrial Motion for Disclosure of 404(b) Evidence [ECF No. 18]**

Mr. Enderlein seeks an order directing the government to disclose any "bad act" or "similar course of conduct" evidence it intends to offer at trial pursuant to Rule 404(b) of the Federal Rules of Evidence. The government does not object to the motion. Mr. Enderlein's motion is **GRANTED**. The government shall provide disclosure as required by Federal Rule of Evidence 404(b). The government shall provide reasonable notice of its intent to use any Rule 404(b) evidence, which the Court finds to be **no later than three weeks prior to trial**.

3. **Mr. Enderlein's Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant [ECF No. 19]**

Relying on *Brady v. Maryland*, 373 U.S. 83 (1963), *Miller v. Pate*, 386 U.S. 1 (1967), *Giles v. Maryland*, 386 U.S. 66 (1967), and *Moore v. Illinois*, 408 U.S. 786 (1972), Mr. Enderlein seeks an order compelling disclosure of any evidence in the possession of the prosecution or any of its agents that may be favorable to the defendant or that could be used to weaken or affect any evidence that may be introduced. He also requests disclosure of any such evidence that is known, or through the exercise of due diligence could be known to the prosecution. The government states that it understands, has complied with, and will continue to comply with its obligations under *Brady*, *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny. It represents that it has produced materials to the defense by several methods, including: search warrant applications, affidavits, and materials seized; FBI reports; photographs; Minnesota Bureau of Criminal Apprehension reports; and general investigative materials. The government has also offered to allow defense counsel to review evidence obtained from Mr. Enderlein's electronic device and the images that are referenced in the Indictment.

Mr. Enderlein's motion is **GRANTED**. *Brady*, *Giglio*, and their progeny impose a continuing obligation on the government to disclose information that is favorable to the defense, including impeachment materials. All such exculpatory evidence shall be disclosed within 14 days of the date of this Order, and any such information subsequently

obtained shall be disclosed as soon as possible to the defense. The Court appreciates the government's approach to discovery in this matter and encourages the prosecution to engage in "open file" discovery wherever possible.

4. **Mr. Enderlein's Motion for Early Disclosure of Jencks Act Material [ECF No. 20]**

Mr. Enderlein seeks an order compelling early disclosure of information covered by the Jencks Act. Specifically, he requests that such disclosures be made at least one week prior to trial. The government objects to the entry of any order compelling early disclosure of Jencks Act materials. However, the government states that it has already disclosed some Jencks statements and may elect to disclose other Jencks materials well in advance of trial. Finally, the government indicates that it has no objection to Mr. Enderlein's request that the government provide Jencks materials one week prior to trial.

Upon a defendant's motion, the Jencks Act requires a court to order the government to disclose any statement made by a witness who has testified. 18 U.S.C. § 3500(b). But the statute provides that the government cannot be compelled to make such disclosures until after the witness has testified. *Id.*, § 3500(a). "Although the United States need not produce Jencks statements prior to a witness' testimony on direct examination, the United States may agree to early discovery of Jencks material." United States v. Douglas, 964 F.2d 738, 741 n.2 (8th Cir. 1992). Accordingly, Mr. Enderlein's motion for early disclosure is **DENIED**. However, the Court expects the government to disclose materials at least one week prior to trial for the purpose of avoiding unnecessary delays, consistent with the representation in its response that it has no objection to doing so. The Court appreciates the government's early disclosure of Jencks materials and encourages the government, wherever possible, to make disclosures even earlier than one week before trial to prevent delay and ensure fairness of the proceedings.

5. **Mr. Enderlein's Motion for Discovery of Expert Under Rule 16(a)(1)(G) [ECF No. 21]**

Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G), Mr. Enderlein seeks an order compelling the government to disclose a written summary of all expert testimony that the government intends to use at trial. Mr. Enderlein asks that such disclosure be made one month before trial. The motion is **GRANTED**. Expert disclosures shall be made in accordance with the schedule provided in Paragraph 1 of this Order.

6.  **Mr. Enderlein's Motion to Suppress Statements, Admissions and Answers [ECF No. 23]**

Based on Mr. Enderlein's counsel's December 15, 2021 letter [ECF No. 28], the motion to suppress statements is deemed moot.

Date: December 16. 2021      *s/Katherine Menendez*
                              Katherine Menendez
                              United States Magistrate Judge