UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Cr. No. 21-229 (JRT/BRT)

UNITED STATES OF AMERICA,

        Plaintiff,                  **PLEA AGREEMENT AND**
                                                          **SENTENCING STIPULATIONS**

v.

JOHN SCOTT ENDERLEIN,

        Defendant.

The United States of America and defendant JOHN SCOTT ENDERLEIN (hereinafter referred to as the "defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota (hereinafter "the United States" or "the Government"). This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

    1.    **Charges.** The defendant agrees to plead guilty to Count One of the Indictment, which charges the defendant with Receipt of Child Pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1). The defendant fully understands the nature and elements of the crime with which he has been charged. At the time of sentencing, the government agrees to move to dismiss the remaining counts of the Indictment.

    2.    **Factual Basis.** The defendant is pleading guilty because he is in fact guilty of Count One of the Indictment. In pleading guilty, the defendant admits the

1



following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines:

From between January 20, 2021, and January 30, 2021, the defendant admits that he knowingly received one or more matters which contained a visual depiction that had been mailed, shipped, and transported using a means and facility of interstate commerce, and in and affecting interstate commerce, by means of a cellular phone, where the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct. The visual depiction received by the defendant includes, but is not limited to, the following image:

> 9b7c1c78-4f5f-471d-af27-decff3335f21 (A video file approximately 1 minute and 15 seconds long which depicts a minor female performing oral sex on a minor male approximately 12 to 16 years of age).

The defendant admits that on January 20, 2021, he used Kik account username "thiefriver2" and received child sexual exploitation material from Kik group chat "NS.FW Teen 13-18 (#teenpics18underr)". To gain access to the Kik group, the defendant had to distribute at least two child sexual exploitation images and/or videos and be verified by a group administrator. Mr. Enderlein received the above image, as well as other images, of child pornography via the Kik group. Mr. Enderlein admits that some of the images and videos he posted to the Kik group involved a prepubescent minor or a minor who had not attained the age of 12. The defendant agrees that the visual depictions were transported in interstate commerce, including by means of his cellphones, an Apple iPhone 6 Plus, S/N FK2PN6CRG5QF; or a silver Apple iPhone, Model A1688.

Doyd, J.v

The defendant agrees that he was convicted of second-degree Criminal Sexual Conduct in Hennepin County in 2005 [1995]. He served nine months in custody followed by ten years of probation.

The defendant agrees he acted voluntarily and knew his actions violated the law.

3. **Waiver of Pretrial Motions.** The defendant understands and agrees that the defendant has certain rights to file pre-trial motions in this case. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to have any pending motions resolved and to file any additional pre-trial motions in this case. The defendant agrees that, by pleading guilty, he is withdrawing any motions previously filed.

4. **Waiver of Constitutional Trial Rights.** The defendant understands that he has the right to go to trial. At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The defendant understands that he has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent him. The defendant understands that he has the right to persist in a plea of not guilty and, if he does so, he would have the right to a public

and speedy trial. By pleading guilty, the defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel. The defendant understands that a guilty plea is a complete and final admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

5.  **Additional Consequences.** The defendant understands that as a result of his conviction, he could be assessed the costs of prosecution and experience additional consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office.

6.  **Statutory Penalties.** The defendant understands that Count One of the Indictment (Receipt of Child Pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1)) is a felony offense that carries the following statutory penalties:

    a.  a mandatory minimum of 15 years in prison;

    b.  a maximum of 40 years in prison;

    c.  a supervised release term of at least 5 years up to a maximum supervised release term of life;

    d.  a maximum fine of $250,000;

    e.  mandatory restitution to the victims of the offense;

    f.  assessment to the defendant of the costs of prosecution, imprisonment, and supervision, as defined in 28 U.S.C. §§ 1918(b) and 1920;

    g.  a mandatory special assessment of $100 under 18 U.S.C. § 3013(a)(2)(A); and

    h.  a mandatory payment of $5,000 to the Domestic Trafficking Victim's Fund if the defendant is found not to be indigent,

pursuant to 18 U.S.C. § 3014.

7. **Revocation of Supervised Release**. The Defendant understands that if he were to violate any supervised release condition while on supervised release, the Court could revoke the Defendant's supervised release, and the Defendant could be sentenced to an additional term of imprisonment up to the statutory maximum set forth in 18 U.S.C. § 3583(e)(3). *See* USSG §§ 7B1.4, 7B1.5. The Defendant also understands that as part of any revocation, the Court may include a requirement that the Defendant be placed on an additional term of supervised release after imprisonment, as set forth in 18 U.S.C. § 3583(h).

8. **Guidelines Calculations**. The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq*. Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guidelines calculations. The parties stipulate to the following guidelines calculations:

    a.    Base Offense Level. The parties agree that the base offense level is 22. U.S.S.G. § 2G2.2(a)(2).

    b.    Specific Offense Characteristics. The parties agree that the offense level should be increased by 2 levels because the offense involved materials which involved prepubescent minors or a minor who had not attained the age of 12 years. U.S.S.G. § 2G2.2(b)(2).

        The parties also agree that the offense level should be increased by 2 levels because the offense involved the use of a computer or interactive computer service. U.S.S.G. § 2G2.2(b)(6).

        The government believes that the offense level should be increased by 5 levels because the defendant distributed material in exchange for any valuable consideration, but not for pecuniary gain. U.S.S.G. § 2G2.2(b)(3)(B). The defense does not agree this enhancement applies, but will not argue against its application in light of the parties' overall resolution of the matter.

        The parties also agree that the offense level should be increased by 5 levels because the offense involved 600 or more images. U.S.S.G. § 2G2.2(b)(7)(D).

        The parties agree that no other specific offense characteristics apply.

c. <u>Chapter 3 Adjustments</u>. The parties agree that, other than acceptance of responsibility, no other Chapter 3 adjustments apply.

d. <u>Acceptance of Responsibility</u>. The government agrees to recommend that the defendant receive a 2-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). As the defendant has timely notified the government of his intention to enter a plea of guilty, the government agrees to recommend that the defendant receive an additional 1-level reduction pursuant to U.S.S.G. § 3E1.1(b). Whether these reductions will be imposed shall be determined by the Court in its discretion. However, the defendant understands and agrees that the government's recommendations are conditioned upon the following: (1) the defendant testifies truthfully during the change of plea and sentencing hearings; (2) the defendant provides full, complete and truthful information to the United States Probation Office in the pre-sentence investigation; and (3) the defendant engages in no conduct inconsistent with acceptance of responsibility before the time of sentencing, including frivolously denying facts in the Presentence Report. Nothing in this agreement limits the right of the government, pursuant to U.S.S.G. § 3E1.1 and/or § 3C1.1 to seek denial of a reduction for acceptance of responsibility or an enhancement for obstruction of justice should the defendant move to withdraw his guilty plea after it is entered.

e. <u>Criminal History Category</u>. The parties believe that, at the time of sentencing, the defendant will fall into Criminal History

    Category I. U.S.S.G. § 4A1.1. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be included within his criminal history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on his true criminal history category, and he will not be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.1.

  f. Guidelines Range. If the adjusted offense level is 33, and the criminal history category is I, the Sentencing Guidelines range is **135-168 months of imprisonment**.

    However, because the mandatory minimum sentence is 180 months of imprisonment, if the adjusted offense level is 33, and the criminal history category is I, the adjusted Sentencing Guidelines range is **180 months of imprisonment**.

    The defendant understands that, regardless of the Sentencing Guidelines range, the statutory mandatory minimum sentence in this matter is 15 years (180 months) of imprisonment.

  g. Fine Range. If the adjusted offense level is 33, the Sentencing Guidelines fine range is $35,0000 to $350,000, which is capped at $250,000 by statute. U.S.S.G. § 5E1.2(c)(3).

  h. Supervised Release. The Sentencing Guidelines require a term of supervised release of at least 5 years up to a maximum supervised release term of life. U.S.S.G. § 5D1.2.

  9. **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Probation Office or the Court. The parties understand that the Sentencing Guidelines are advisory, and their application is a matter that falls solely within the Court's discretion. The Court will make its own determination regarding the applicable Guidelines factors and the applicable criminal history

category. The Court may also depart from the applicable Guidelines range. If the Court or the Probation Office determines that the applicable guideline calculations or the defendant's criminal history category is different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

10. **Agreements as to Sentencing Recommendation.** Given the defendant's consent to search his other accounts, which led to further victim identification and development of other investigative leads, pursuant to 18 U.S.C. § 3553(e), the Government intends to file a motion to request a sentence below the statutory mandatory minimum. In addition, the government will not ask for sentence more than 135 months, and the defense will not ask for a sentence less than 120 months. The above recommendations have no effect on the parties' ability to advocate, and oppose the advocacy, for any fine, restitution, period of supervised release, or any and all other applicable penalties and conditions as a result of the defendant's conviction on Count One of the Indictment. If the Court does not accept the sentencing recommendation of the parties, the defendant will have no right to withdraw his guilty plea.

11. **Special Assessment.** The Guidelines require payment of a special assessment in the amount of $100 for the felony count which the defendant is convicted, pursuant to U.S.S.G. § 5E1.3. The defendant agrees that the $100 special assessment is due and payable at sentencing.

12. **Restitution Agreement.** The defendant understands and agrees that 18 U.S.C. § 2259 and 18 U.S.C. § 3663A (the Mandatory Victim Restitution Act), apply and that the Court is required to order the defendant to make restitution to the victims of the defendant's crimes even if not listed in the count of conviction. Pursuant to 18 U.S.C. § 3663A(a)(3), the defendant agrees to pay restitution to any individual who is not listed in the count of conviction and whose child pornography image or video he possessed, distributed, received, trafficked, or produced, as determined in the course of the investigation or by NCMEC. The parties agree that the amount of restitution owed will be determined using 18 U.S.C. § 2259 to reflect the full amount of victim losses. The defendant understands that the restitution amount for victims covered under § 2259(b)(2) shall be no less than $3,000 per victim.

13. **Disclosure of Assets.** The defendant will fully and completely disclose to the United States Attorney's Office the existence and location of any assets in which the defendant has any right, title, or interest, or over which the defendant exercises control, directly or indirectly, including those assets held by a spouse, nominee or other third party, or any business owned or controlled by the defendant. The defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of restitution, fines, and forfeiture ordered by the Court. The defendant agrees to complete a financial statement within two weeks of the entry of his guilty plea. The defendant further agrees to execute any releases that may be necessary for the United States to obtain information concerning the defendant's assets and expressly authorizes the United States to obtain a credit

report on the defendant to evaluate his ability to satisfy financial obligations imposed by the Court. If requested by the United States, the defendant agrees to submit to one or more asset interviews or depositions under oath.

14. **Forfeiture.** The defendant agrees to forfeit to the United States, pursuant to 18 U.S.C. § 2253:

   a. any visual depiction described in section 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Chapter 110, United States Code, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110, United States Code;

   b. any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

   c. any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

The defendant agrees that the property subject to forfeiture includes, but is not limited to, (1) an Apple iPhone 6 Plus, S/N FK2PN6CRG5QF; and (2) a silver Apple iPhone, Model A1688.

The defendant agrees that these items are subject to forfeiture because they facilitated and were used to commit Count One of the Indictment. The United States reserves the right to seek forfeiture of substitute assets and to forfeit additional directly forfeitable property. The defendant waives any right to the return of any digital data contained on the electronic devices that are subject to forfeiture.

The defendant agrees that the United States may, at its option, forfeit such property through civil, criminal, or administrative proceedings, waives any deadline or statute of limitations for the initiation of any such proceedings, and abandons any

interest he may have in the property. The defendant waives all statutory and constitutional defenses to the forfeiture and waives any right to contest or challenge in any manner (including direct appeal, habeas corpus, or any other means) such forfeiture on any grounds. To the extent the defendant has sought remission or otherwise challenged the forfeiture of the above-described property, he withdraws any such challenges.

15. **Waivers of Appeal and Collateral Attack.** The defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes, but is not limited to, the defendant's waiver of the right to appeal guilt or innocence, sentence and restitution, and the constitutionality of the statutes to which the defendant is pleading guilty. The parties agree, however, that excluded from this waiver is an appeal by defendant of the substantive reasonableness of a term of imprisonment above 135 months' imprisonment. The defendant also waives the right to petition under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel.

The defendant has discussed these rights with the defendant's attorney. The defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily.

The United States agrees to waive its right to appeal the substantive reasonableness of a term of imprisonment at o~~r~~ a~~b~~ove ~~135~~ below 120, DO, WB months' imprisonment. 

16. **FOIA Requests.** The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case

under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

17.  **Sex Offender Registration.** The defendant understands that by pleading guilty, defendant will likely be required to register as a sex offender upon his release from prison as a condition of his supervised release pursuant to 18 U.S.C. § 3583(d). The defendant also understands that independent of supervised release, he may be subject to federal, tribal, and state sex offender registration requirements and that those requirements may apply throughout his life.

18.  **Complete Agreement.** This, along with any agreement signed by the parties before entry of the plea, is the entire agreement and understanding between the United States and the defendant.

ANDREW M. LUGER
United States Attorney

Date: 7.29.2022

BY: EVAN B. GILEAD
Assistant United States Attorney

Date: 7-29-2022

JOHN SCOTT ENDERLEIN
Defendant

Date: 7-29-2022

DOUGLAS H.R. OLSON
Counsel for Defendant